UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACK SORRELLS,<br><br>    Plaintiff,<br><br>vs.<br><br>COBB COUNTY, GA,<br><br>    Defendant. | **COMPLAINT**<br><br>Case No. _____<br><br>*Jury Trial Demand* |

## COMPLAINT

Plaintiff, by and through his counsel, Lance LoRusso, of the LoRusso Law Firm, P.C., and the law firm of Woodley & McGillivary, LLP, respectfully submits this complaint on his behalf and on behalf of those similarly situated, against Defendant Cobb County, Georgia, and states as follows:

### PRELIMINARY STATEMENT

1.

Plaintiff is a former employee of Cobb County, Georgia, and he, on his own behalf and on behalf of those similarly situated, brings this lawsuit as a collective action in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") against Defendant Cobb County, Georgia, on behalf of himself and all others similarly situated because of defendant's unlawful deprivation of plaintiff's

rights to overtime compensation. Plaintiff and those similarly situated seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. §201, *et seq*.

## JURISDICTION AND VENUE

2.

Jurisdiction over this action is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant is located within the Northern District of Georgia and a substantial part of the events and omissions giving rise to this claim occurred within the Northern District of Georgia.

## PARTIES

4.

Plaintiffs Jack Sorrells, and those similarly situated, are each employees, or former employees, of Defendant Cobb County, Georgia, in the position of "Fire Captain" at the Cobb County Fire Department ("CCFD").

5.

Pursuant to 29 U.S.C. §§ 216(b) and 256, the named plaintiff has executed and hereby files with the Court his consent in writing to become a party plaintiff in this action, which is appended hereto as Exhibit A. Should other individuals similarly situated seek to join this action, their consents will be filed with the Court. Written consent forms set forth each plaintiff's name and intent to be party to this suit. The term "plaintiff" or "plaintiffs" used herein refers to both the named plaintiff and those similarly situated, including opt-in plaintiffs.

6.

The defendant in this action is Cobb County, Georgia, which is a County existing under the laws of the State of Georgia, over which this Court has jurisdiction, and which has a principal place of business in Cobb County, Georgia, within the Northern District of Georgia.

**FACTS**

7.

At all material times since February 2, 2015, as well as before, and continuing through the date of his retirement on January 25, 2018, plaintiff has worked for the defendant at the CCFD in the position of "Fire Captain." Those

similarly situated have worked for the defendant at the CCFD in the position of "Fire Captain" in that same time period, continuing through the present.

8.

Plaintiff and those similarly situated, while employed by defendant, have each been an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9.

The defendant is an "employer" as defined by 29 U.S.C. § 203(d) and a "public agency" within 29 U.S.C. § 203(x).  Upon information and belief, the defendant at all relevant times has been aware of the provisions of the FLSA.

10.

As a Fire Captain working on behalf of the defendant, plaintiff, and those similarly situated, have had and continue to have the primary job duty to protect and serve the public by engaging in fire suppression, emergency response, and related activities. Fire Captains are required to respond with their crew to all fire calls and/or emergency calls assigned to their particular fire station.

11.

While on the scene of fire calls, plaintiff and those similarly situated worked alongside the crew, engaged in the control, suppression, and extinguishing of fires, and the rescue of fire or accident victims.  Plaintiff and those similarly situated are

also required to participate in the same physical fitness program and complete all required training as the other members of the crew on which they serve.

12.

Plaintiff, and those similarly situated, are non-exempt employees covered by the overtime provisions of the FLSA.

13.

Within the last three years, and continuing to date, while working in the position of Fire Captain, plaintiff and those similarly situated have been assigned to work shifts by the defendant following the repeating pattern of 24 hours on-duty, then 48 hours off-duty. This cycle repeats every three days, and as a result, plaintiff routinely works more than 40 hours in a workweek, and in fact at least 168 hours every 21 days.

14.

Yet, despite suffering and permitting plaintiff and those similarly situated to work in excess of the statutory maximums of 40 hours in a workweek and 159 hours in each 21-day cycle, defendant at all material times and ongoing, has failed to pay plaintiff and those similarly situated at the required rate of one and one-half times their regular rate of pay for those hours.

15.

Defendant's actions in refusing to provide plaintiff and those similarly situated the rights and protections provided under the FLSA are willful in that defendant knew its pay practices with respect to those employees was prohibited by the FLSA or, at the very least, showed a reckless disregard for the FLSA.

## COUNT I
## VIOLATION OF § 207(a) OF THE FAIR LABOR STANDARDS ACT

16.

Plaintiff re-alleges, and incorporates by reference herein, paragraphs 1 through 15 of this Complaint.

17.

During the times that plaintiff and those similarly situated have worked in excess of 40 hours in a workweek, defendant has failed to provide the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rate of pay for all hours of worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

18.

By failing to pay plaintiff and other employees similarly situated the overtime pay required under the law, the defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful and

in bad faith.  As a result, at all times material herein, plaintiff and those similarly situated are entitled to seek relief for the maximum period allowed under the law during which time they have been unlawfully deprived of overtime compensation and other relief.

19.

As a result of the defendant's willful, unreasonable and bad faith violations of the FLSA, there have become due and owing to plaintiff and those similarly situated an amount that has not yet been precisely determined. The employment and work records for plaintiff and those similarly situated (including time and attendance records) are in the exclusive possession, custody and control of the defendant. The plaintiff and those similarly situated are unable to state at this time the exact amount due and owing. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiff and other employees similarly situated from which the amount of defendant's liability can be ascertained.

20.

Pursuant to 29 U.S.C. § 216(b), plaintiff and those similarly situated are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

21.

Plaintiff and those similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF § 207(k) OF THE FAIR LABOR STANDARDS ACT

22.

Plaintiff re-alleges, and incorporates by reference herein, paragraphs 1 through 21 of this Complaint.

23.

Under the U.S. Department of Labor's regulations applicable to fire fighters covered under 29 U.S.C. §207(k), (29 C.F.R. §553.230 (2017)), an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 53 hours in a 7-day work period or in excess of 212 hours in a maximum 28-day work period (or in excess of a proportionate number of hours for work periods between 7 and 28 days, such as 159 hours for a work period of 21 days).

24.

When plaintiff and those similarly situated work in excess of the 159 hours in a 21-day work period, or otherwise work beyond the applicable hourly threshold, defendant fails to provide the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours plaintiff and those similarly situated have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k) and 29 C.F.R. §553.230 (2017).

25.

By failing to pay plaintiff and other employees similarly situated the overtime pay required under the law, the defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful and in bad faith.  As a result, at all times material herein, plaintiff and those similarly situated are entitled to seek relief for the maximum period allowed under the law during which time they have been unlawfully deprived of overtime compensation and other relief.

26.

As a result of the defendant's willful, unreasonable and bad faith violations of the FLSA, there have become due and owing to plaintiff and those similarly

situated an amount that has not yet been precisely determined. The employment and work records for plaintiff and those similarly situated (including time and attendance records) are in the exclusive possession, custody and control of the defendant. Plaintiff and those similarly situated are unable to state at this time the exact amount due and owing to them.  Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiff and other employees similarly situated from which the amount of defendant's liability can be ascertained.

27.

Pursuant to 29 U.S.C. § 216(b), plaintiff and those similarly situated are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

28.

Plaintiff and those similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, plaintiff hereby demands that these claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on his own behalf and on behalf of others similarly situated, prays that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations under federal law, and deprived the plaintiff and each of those similarly situated of his/her rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiff and those similarly situated are entitled;

(c) Award plaintiff and those similarly situated compensatory relief in the form of liquidated damages equal to their unpaid compensation;

(d) Award plaintiff and those similarly situated interest on their unpaid compensation;

(e) Award plaintiff and those similarly situated their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

Respectfully submitted,

s/ Lance J. LoRusso
Georgia Bar No. 458023
LORUSSO LAW FIRM, P.C.
1827 Powers Ferry Road, SE
Building 8, Suite 200
Atlanta, GA 30339
Phone: (770) 644-2378
Fax: (770) 644-2379
lance@lorussolawfirm.com

*Counsel for Plaintiff*

Thomas A. Woodley
*Pro Hac Vice to be Submitted*
T. Reid Coploff
*Pro Hac Vice to be Submitted*
John W. Stewart
*Pro Hac Vice to be Submitted*
WOODLEY & McGILLIVARY, LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855
Fax: (202) 452-1090
taw@wmlaborlaw.com
trc@wmlaborlaw.com
jws@wmlaborlaw.com

*Counsel for Plaintiff*